IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:11CR360 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | FINDINGS AND RECOMMENDATION |
| ARIK E. LEMBURG, ) | |
| ) | |
| Defendant. ) | |

    This case is before the court on Arik E. Lemburg's Motion to Suppress (#26). Lemburg moves the court for suppression of all evidence identifying him as the owner/user of an internet protocol (I.P.) address, alleging that the information was obtained in violation of a Nebraska statute. The government counters that the information in question was obtained by a valid and proper administrative subpoena and that Lemburg does not have standing (an expectation of privacy) in his I.P. address or his subscriber information as obtained from his internet service provider.

## FACTUAL SUMMARY

    As the parties in this case do not disagree as to the facts, I adopt the factual summary set out in Lemburg's brief (#27) and for completeness, I also adopt Exhibit 1, the Charter Communications subpoena, and Exhibit 2, the affidavit, search warrant, and inventory from the government's Index of Evidence (#30).

    **Lemburg's alleged violation of state law.**

    When a federal court is called upon to determine whether to exclude evidence obtained through arrest, search, or seizure, the appropriate inquiry is not whether the arrest, search, or seizure violated state law, but rather if it violated the Federal Constitution. *United States v. Bell*, 54 F.3d 502, 504 (8th Cir. 1995). As a general rule, we "d[o] not look to state statute to assess validity of an arrest, search, or seizure under the Fourth Amendment." *Id.* Furthermore, assuming, arguendo, state law was violated, such violation does not offend the federal constitution. *United States v. Burtton*, 599 F.3d 823, 828 (8th Cir. 2010).

**Standing.**

Lemburg's standing to object to a search must be grounded in a showing that he had a legitimate expectation of privacy, in the area to be searched. It is settled law in this circuit that Lemburg has no constitutional expectation of privacy in the acquisition of his subscriber information. *See, United States v. Stults*, 1575 F.3d 384, 342 (8th Cir. 2009). *See, also, United States v. McIntyre,* 646 F.3d 1107, 1110-1112 (8th Cir. 2011) (no expectation of privacy in electronic usage records obtained by county attorney subpoena). Additionally, Lemburg's argument was recently unsuccessfully presented to Judge Joseph F. Bataillon in *United States v. Suing*, No. 8:11CR65, 2011 WL 6026695 (D. Neb. Dec. 5, 2011) (finding that defendant had no reasonable expectation of privacy in computer records sought by a county attorney). The information obtained in this case did not violate Lemburg's constitutional rights.

**IT IS RECOMMENDED** to the Honorable Joseph F. Bataillon, United States District Judge, that defendant Arik E. Lemburg's Motion to Suppress (#26) be denied.

Dated this 10th day of January 2012.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge

**Notice**

A party may object to the magistrate judge's findings and recommendations by filing a "Statement of Objections to Magistrate Judge's Findings and Recommendations" within 14 days of being served with the findings and recommendations. The objecting party must comply with all requirements of NeCrimR 59.2.